THE FRISBIE & STANSFIELD KNITTING COMPANY, INC., Appellant, v. THE STATE OF NEW YORK, Respondent.

Fourth Department, November 12, 1919.

State — erection of wall in bed of Oswego river — when no appropriation of property situated on other bank — Court of Claims — practice — filing claim for damage.

A wall built by the State in the Oswego river upon lands which it owns is not an " appropriation or use " of the property of a person situated on the opposite side of the river within the meaning of chapter 420 of the Laws of 1916, although the effect is to narrow the channel at certain seasons of the year and so to check the flow of the river as to set back the water in the claimant's tailrace.

Where a claim in the Court of Claims is for the actual damage resulting prior to the filing of the claim and not for the permanent appropriation of the right to divert water upon the claimant's property, he is bound to comply with section 264 of the Code of Civil Procedure by filing with the clerk of the Court of Claims and with the Attorney-General written notice of intention to file a claim as therein specified in order to confer jurisdiction on the Court of Claims.

APPEAL by the claimant, The Frisbie & Stansfield Knitting Company, Inc., from a judgment of the Court of Claims in favor of the defendant, entered in the office of the clerk of said court on the 27th day of June, 1918, dismissing the claim herein, and also from an order entered in the office of the clerk of said court on the 24th day of June, 1918, directing the dismissal of the claim.

*Charles N. Bulger* [*Harry C. Mizen, Elisha B. Powell* and *George N. Burt* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*Edward J. Mone, Deputy Attorney-General,* of counsel], for the respondent.

PER CURIAM:

We are of opinion that the erection of the wall in the bed of the Oswego river by the State upon lands which it owned was not an " appropriation or use " of the claimant's property on the other side of the river within the meaning of those words as used in chapter 420 of the Laws of 1916 (amdg. Laws of 1915, chap. 640, § 1), although the effect was to narrow the channel of the river and at certain seasons of the

year to so check the flow of the river as to set back the water in claimant's tailrace and upon its water wheels.

The form of the claim is for the actual damage resulting prior to the filing of the claim and not for permanent appropriation of the right to so divert the water upon claimant's property. Such being the nature of the claim, we think claimant was bound to comply with the provisions of section 264 of the Code of Civil Procedure by filing in the office of the clerk of the Court of Claims and with the Attorney-General written notice of intention to file a claim as therein specified in order to confer jurisdiction on the Court of Claims. (*Buckles* v. *State of New York*, 221 N. Y. 418; *Butterfield* v. *State of New York*, Id. 701.)

The rule of these cases was not, we think, affected by the decision in *Oswego & Syracuse R. R. Co.* v. *State* (226 N. Y. 351), as the claim in that case was for the permanent appropriation of claimant's property.

All concurred.

Judgment and order affirmed, with costs.