■ FRANK J. CAVAIOLI et al., Appellants, v BOARD OF TRUST-EES OF THE STATE UNIVERSITY OF NEW YORK et al., Respondents.—In an action, *inter alia,* for a judgment declaring Education Law § 355-a unconstitutional, plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Burke, J.), entered April 13, 1984, which, *inter alia,* granted defendants' motion to dismiss the complaint.

Order and judgment modified, on the law, by (1) adding a provision declaring that Education Law § 355-a is constitutional, and (2) adding after "is hereby dismissed" the words "in all other respects on the merits" *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). As so modified, order and judgment affirmed, without costs or disbursements.

Plaintiffs are professional employees of the State University of New York Agricultural and Technical College at Farmingdale, a two-year college. They challenge the constitutionality of Education Law § 355-a, which delegates to the State University Trustees the task of determining the salary schedule for the system's professional employees. Plaintiffs further challenge, also on constitutional grounds, the actions of the Trustees in promulgating a salary schedule which differentiates between professionals at the two-year colleges and their counterparts at the four-year colleges and universities.

Although Education Law § 355-a does not by its terms provide standards for the determination of appropriate salaries, the field of salary determination is not amenable to the dictation of "rigid formulas" by the Legislature to administrative officials *(see, Matter of Nicholas v Kahn,* 47 NY2d 24, 31). Sufficient standards for the determination of salaries are found in those statutes which impose general duties and obligations upon the Trustees *(see,* Education Law §§ 354, 355). The delegation of power in Education Law § 355-a was, therefore, not unconstitutional.

Turning to plaintiffs' claims against the Trustees for back pay, we note that the Supreme Court has jurisdiction to render declaratory judgments (CPLR 3001), and although claims that are primarily against the State for damages must be brought in the Court of Claims *(see, Cass v State of New York,* 58 NY2d 460, 463), the Supreme Court may consider a claim for injunctive relief against the State as long as the claim is not primarily one for damages. *(see, e.g., Weissman v Evans,* 56 NY2d 458). Plaintiffs' claims for back pay were not

the primary claims, but, rather, were annexed to and dependent upon the claim seeking the requisite preliminary determination that the Trustees' actions were unconstitutional. The Supreme Court should therefore have retained jurisdiction over those causes of action.

However, upon examination of the merits of plaintiffs' claims against the Trustees, which alleged that they had formulated an arbitrary, capricious and discriminatory salary schedule, it is apparent that the Trustees did, in fact, have a reasonable basis for the distinctions drawn by the salary schedule (see, Matter of Tolub v Evans, 58 NY2d 1, 8, appeal dismissed 460 US 1076). Therefore, these claims must also fail. Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.