■ JOHN MANSOUR et al., Respondents-Appellants, v ROB-
ERT ABRAMS, as Attorney-General of the State of New York, et
al., Appellants-Respondents.—Order unanimously modified on
the law, and as modified affirmed without costs, in accordance
with the following memorandum: Defendants appeal from an
order denying without prejudice their motion for summary
judgment dismissing the complaint pending compliance with a
discovery order to which they had stipulated. We previously
reinstated five causes of action which had been dismissed for
failure to state a cause of action *(Mansour v Abrams,* 120
AD2d 933). We now hold that summary judgment should have
been granted on the eighth cause of action dismissing it with
respect to defendant Goldstock only.

That cause of action, alleging tortious interference with
plaintiff's contract of employment, concededly terminable at
will, was brought against Goldstock and Marcus only, and the
theory of the complaint was that they had wrongfully induced
Abrams to fire plaintiff. By affidavit submitted on the motion
for summary judgment, which plaintiff does not controvert,
Abrams averred that he had delegated to Goldstock the power
to hire and to fire Assistant Deputy Attorneys-General in the
Organized Crime Task Force. As the person with contracting
authority, even though not the employer, Goldstock could not
interfere with plaintiff's at-will contract, and his good faith or
lack thereof is irrelevant *(see, Murphy v American Home
Prods. Corp.,* 58 NY2d 293, 303-305). However, defendants
have not established that Marcus, who prepared the plaintiff's
performance evaluations relied on by Goldstock, had the
authority to terminate plaintiff. Plaintiff is entitled to the
previously ordered discovery to explore Marcus's motivation
because plaintiff must prove that Marcus acted in bad faith to
prove his cause of action *(see, Murtha v Yonkers Child Care
Assn.,* 45 NY2d 913, 915). Contrary to defendants' contention,
tortious interference with contractual relations is not limited
to unfair dealings between competitors *(see, Murtha v Yonkers
Child Care Assn., supra; Kartiganer Assocs. v Town of New
Windsor,* 108 AD2d 898, *appeal dismissed* 65 NY2d 925).

With respect to the three libel causes of action, concerning
plaintiff's employee performance evaluations, Special Term
properly refused to rule on the motion until the completion of
discovery. Statements in the evaluations were subject to a
qualified rather than absolute privilege *(cf., Ward Telecommu-*

*nications & Computer Servs. v State of New York,* 42 NY2d 289), and whether they were motivated by actual malice is a disputed factual issue *(see,* 44 NY Jur 2d, Defamation and Privacy, §§ 73-75).

With respect to plaintiff's 42 USC § 1983 cause of action, Special Term properly refused to rule on it until the completion of discovery. A constitutionally impermissible purpose limits an employer's right to terminate an at-will employee *(Murphy v American Home Prods. Corp., supra,* at 305). Plaintiff contends that he was fired for a constitutionally impermissible purpose, i.e., a violation of his First Amendment right of free speech. He argues that the speech which resulted in his termination was with respect to refusing to present a matter to a Grand Jury in order to obtain a report which he believed was improper. He had been directed to seek a report against a former public employee pursuant to CPL 190.85. Defendants rely on *Matter of Onondaga County Dist. Attorney's Off.* (92 AD2d 32) as at least colorable authority for such a report because they anticipated that the proposed subject of the report would become a consultant to his prior agency. That reliance was misplaced because, in *Onondaga,* the subject of the report was still a public employee at the time of the Grand Jury action; he resigned before the court had decided whether the report should be sealed or made public. Because the purpose of such a report, as to a named public servant, is to recommend removal or disciplinary action, it is clear that a Grand Jury has no power to consider a report where the subject is no longer a public employee. This disagreement clearly involved a matter of public concern sufficient to trigger a balancing test to determine whether the termination was nevertheless justified *(see, Connick v Myers,* 461 US 138).

We conclude, however, that the balancing test can be performed only after the threshold factual question of the basis for plaintiff's termination is resolved. Defendants contend that plaintiff was fired for an array of reasons, of which plaintiff's refusal to present to the Grand Jury was only one. Because of this threshold factual question, we do not reach the issue of whether defendants are entitled to summary judgment based on their defense of qualified immunity as delineated in *Anderson v Creighton* (483 US 635, 107 S Ct 3034) and *Giacalone v Abrams* (850 F2d 79, *reh denied* Aug. 17, 1988). (Appeals from order of Supreme Court, Monroe County, Boehm, J.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Pine and Lawton, JJ.