■ WALLACE R. HEFFERNAN,. Respondent, v COLONIE COUN-TRY CLUB, INC., Appellant.—Per Curiam. Appeal from that part of an order of the Supreme Court (Kahn, J.), entered May 1, 1989 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff alleges that he was employed by defendant as a caretaker until he was discharged on or about November 4, 1985. Thereafter, plaintiff, 62 years old on the alleged date of his discharge, commenced this action claiming that defendant impermissibly used age as a determinative factor in terminating his employment in violation of the Human Rights Law (Executive Law art 15). Defendant moved for summary judg-. ment dismissing the complaint upon the ground that the action is barred by the applicable Statute of Limitations, or, alternatively, that it is entitled to such relief on the merits. Plaintiff cross-moved for an order dismissing the affirmative defense of the Statute of Limitations. Supreme Court denied the motion and cross motion. This appeal by defendant ensued.

In our view, summary judgment should have been granted to defendant on the merits. To prevail on a summary judgment motion, it is incumbent upon the moving party to tender evidentiary proof in admissible form sufficient to warrant the direction of summary judgment in his or her favor (CPLR 3212 [b]). Once this requirement is met, the opposing party must then submit proof in admissible form sufficient to create a question of fact requiring a trial or demonstrating sufficient excuse for the failure to produce this material (CPLR 3212 [b]; *see, Zuckerman v City of New York,* 49 NY2d 557, 562). Here, in support of its motion, defendant submitted several sworn affidavits asserting that plaintiff was discharged solely for incompetency and, most significantly, the sworn affidavit of plaintiff's replacement in the position, Andrew Kambourelis, who states that he was hired on November 4, 1985 when he was almost 60 years of age and that he continues to hold that position even now. In response to these assertions, plaintiff submitted an affidavit vehemently denying that he was terminated for misconduct.* With respect to the pivotal question of

---

* Attached to plaintiff's opposition papers are two unsworn job references apparently given by defendant's employees, one written in 1972 and one

age discrimination, however, plaintiff only echoes his complaint and merely states that "[s]hortly after I was terminated a man who I believe to be younger than myself was hired to replace me. I believe that Age was the determining factor in defendant's decision to terminate me."

This conclusory statement is clearly insufficient to defeat defendant's motion *(see, Zuckerman v City of New York, supra; Hill v Westchester Aeronautical Corp.,* 112 AD2d 977), especially in light of the uncontradicted fact that plaintiff was immediately replaced on the day he claims he was fired by an individual only two years younger than himself. Clearly such an insignificant difference in age is insufficient to permit even an inference of age discrimination *(cf., Maxfield v Sinclair Intl.,* 766 F2d 788, 792, *cert denied* 474 US 1057). Rather than detailing an articulable basis for his discrimination claim, plaintiff chooses instead to dwell on defendant's allegations of misconduct even though, as an at-will employee, defendant was free to discharge plaintiff for any or no reason as long as that reason was not contrary to law *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300-301; *Mansour v Abrams,* 144 AD2d 905). Standing alone, the mere fact that plaintiff was 62 years old when he was dismissed is not sufficient to create a question of fact as to age discrimination. Accordingly, summary judgment dismissing the complaint should have been granted in defendant's favor. This conclusion makes it unnecessary to reach the other issue raised by defendant.

Order modified, on the law, with costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing the complaint; motion granted and complaint dismissed; and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.

---

written in 1985 by defendant's former assistant general manager Steven McEvoy, a few days after plaintiff was discharged. However, attached to defendant's motion papers is a sworn affidavit from McEvoy averring that he was not plaintiff's supervisor and had no first-hand knowledge of his work. He only agreed to give the recommendation because he had been friendly with plaintiff and plaintiff said he needed a letter to find new work.