■ HUMBERTO DOMINGUEZ, Appellant, v WERNER MACHINE COMPANY, INC., Appellant, and VAN VLAANDEREN MACHINE COMPANY, Respondent. (And a Third-Party Action.)—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Ingrassia, J.), entered November 30, 1988 in Orange County, which granted defendant Van Vlaanderen Machine Company's motion for summary judgment dismissing the complaint and all cross claims against it.

Plaintiff commenced this products liability action to recover for personal injuries sustained when plaintiff's hand became caught in a machine allegedly manufactured by one of defendants, Werner Machine Company, Inc. (hereinafter Werner) or Van Vlaanderen Machine Company (hereinafter VVMC). The incident resulting in plaintiff's injury occurred on May 30, 1984 while plaintiff was employed as a machine operator by third-party defendant, Hudson Valley Dye Corporation (hereinafter HVDC). At the time of the incident, plaintiff was operating a textile machine known as a "schreiner calendar finishing machine". Following the accident, an examination of the allegedly defective machine by plaintiff's representative revealed that the machine had no plate, label, markings, model or serial number that would have aided in the identification of the machine's manufacturer. It is undisputed that

HVDC had certain machines in operation at that time manufactured by both Werner and VVMC. Accordingly, acting upon the belief that the subject machine was probably manufactured by either Werner or VVMC, plaintiff instituted this action naming both defendants. In their answers, both Werner and VVMC denied manufacturing the machine. VVMC cross-claimed against Werner for indemnification and/or contribution. Werner commenced a third-party action against HVDC.

Thereafter, extensive discovery was conducted by the parties with much of it directed toward ascertaining the identity of the machine's manufacturer. VVMC's motion for summary judgment dismissing the complaint and all cross claims against it was ultimately granted by Supreme Court. Both Werner and plaintiff now appeal this decision.

In our view, Supreme Court properly granted summary judgment to VVMC. In order to prevail on a summary judgment motion, it is incumbent upon the moving party to initially tender evidentiary proof in admissible form sufficient to warrant the direction of summary judgment in his or her favor (CPLR 3212 [b]). Here, in support of its motion, VVMC attached the deposition of two individuals, Frederick Massimi, Sr. and Albert Pittelkow. Massimi, a nonparty witness with extensive involvement in the textile business, is the current owner of the subject machine since his company had repossessed it after HVDC went out of business in 1985. After being shown photographs of the machine, Massimi testified unequivocally that it was manufactured by Werner. The basis for this knowledge was the fact that Massimi had himself purchased the same machine in the 1960s before he sold it and it came into HVDC's possession. Massimi explained how Werner machines were different from other calendar machines and stated that when parts were needed for the subject machine he had to call Werner. Also attached to VVMC's papers was a deposition and affidavit from Pittelkow, an employee of VVMC from 1946 through 1973. When shown photographs of the subject machine Pittelkow testified that the depicted machine was not manufactured by VVMC.

Taken together, VVMC's moving papers presented evidence in admissible form establishing that the subject machine was not manufactured by it. Contrary to the assertions of plaintiff and Werner that the testimony of Massimi and Pittelkow was not credible, it is clear that both adequately established their knowledge of the matter and Massimi had personal knowledge of the subject machine. The burden then shifted to the parties in opposition to submit evidentiary proof in admissible form

sufficient to establish the existence of a triable issue of whether VVMC did in fact manufacture the machine *(see,* CPLR 3212 [b]; *see also, Zuckerman v City of New York,* 49 NY2d 557, 562). Supreme Court correctly concluded that no triable issue as to this question was presented in the opposition papers. Although plaintiff's motion papers included depositions from individuals who either stated that they did not know who manufactured the machine or could not identify it as one manufactured by Werner, these assertions raised no questions of fact as to the pivotal question of whether it was manufactured by VVMC. The question of whether the machine was manufactured by Werner has no relevance to the instant motion concerning VVMC's alleged liability.

Included with Werner's opposition papers were several pages of a document identified by Massimi as a bill of sale and inventory list describing in general terms the machines that were acquired by HVDC from Massimi's former corporation in 1982. The inventory list includes hundreds of items, one of which states as follows: "1 Gas-fired (heated rolls) fabric finishing machine, produces Schreiner finish, powered, has 15 hp. gearmotor drive, hydraulic press action between two pressure rolls, hydraulic system. Van Vlaandern Machine Co. (or other)." Werner maintains that this excerpt not only describes the subject machine but it also raises questions of fact as to the possibility that VVMC manufactured it. We cannot agree. Absent a connection between the excerpt and VVMC, the excerpt by itself was only a bare allegation that VVMC had manufactured the subject machine, thereby making it inadequate to establish a genuine question of fact *(see, Shaw v Time-Life Records,* 38 NY2d 201, 207; *Shapiro v Health Ins. Plan,* 7 NY2d 56, 63). VVMC never denied that some of the machines in the HVDC plant were manufactured by it just as some machines were manufactured by other companies. Notably, some of the items listed stated "Werner Industry (or other)". Because the evidence submitted by plaintiff and Werner failed to raise any doubt that the machine was not manufactured by VVMC, summary judgment in VVMC's favor was appropriate *(see, Heffernan v Colonie Country Club,* 160 AD2d 1062).

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.