■ MICHAEL WAGNER et al., Plaintiffs, v MODULARS BY DESIGN, INC., et al., Respondents. (Action No. 1.) RICHARD G. BARGER, Appellant, v MICHAEL WAGNER et al., Respondents. (Action No. 2.)—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered October 2, 1989 in Putnam County, which denied plaintiff's motion for, inter alia, summary judgment in action No. 2.

In March 1987, plaintiffs in action No. 1, Michael Wagner and Meryl Wagner, hired defendant Modulars By Design, Inc. (hereinafter Modulars) to construct a home for them on a lot they purchased from Jamie Cliff Estates, Inc. in the Town of East Fishkill, Dutchess County. As part of the contract, Modulars was also to install a septic system on the property and it hired a subcontractor to perform that task. Thereafter, the septic system installed by Modulars failed to pass inspection by the Dutchess County Department of Health for various reasons, including the fact that the system's location deviated from that called for in the subdivision map for the lot. Subsequently, the Wagners hired Richard G. Barger, plaintiff in action No. 2, a licensed professional engineer and land surveyor, to "engineer a [sewer system] plan that would pass

Department of Health review". The reason the Wagners hired Barger was that he was the engineer who had designed the original subdivision map for the development where the Wagners bought their lot. Barger thereafter duly prepared an engineer's report and plan in which he noted numerous aspects of the system installed by Modulars that deviated from the specific directions in the subdivision map he had designed. The septic system installation performed pursuant to Barger's report and plan passed inspection.

Subsequently, Barger sent a bill to the Wagners for $953.50, representing his personal fees, the fees to the Department of Health to review his plan and the cost of hiring a backhoe to dig test holes. The Wagners refused to pay and Barger instituted action No. 2 against them in the Town of East Fishkill Justice Court. The Wagners' answer denied the material allegations of the complaint and contained a counterclaim alleging in essence that the original subdivision map prepared by Barger for their lot was defective and this caused the failure of the first sewer system to pass inspection.* The Wagners requested $9,063.50 in damages, which is the amount they allegedly expended to install the second system. The Wagners then successfully moved to have Barger's action against them (action No. 2) consolidated with an action they had already commenced against Modulars and its president (action No. 1). Thereafter, following discovery and the filing of a note of issue by the Wagners, Barger moved for summary judgment principally upon his claims as well as the striking of the Wagners' answer and their counterclaim against him. Supreme Court denied the motion and this appeal by Barger followed.

The standard in summary judgment motions is well known. To prevail as a matter of law, it is incumbent upon the moving party in the first instance to tender evidentiary proof in admissible form sufficient to warrant the direction of summary judgment in his or her favor (CPLR 3212 [b]). If this requirement is met, it is then up to the opposing party to raise triable issues of fact by proffering proof in admissible form (CPLR 3212 [b]; *see, e.g., Iselin & Co. v Mann Judd Landau,* 71 NY2d 420, 425; *Zuckerman v City of New York,* 49 NY2d 557, 562). Here, in support of his motion, Barger submitted his own affidavits, documentary proof and excerpts from the examination before trial of the parties. Significantly,

---

* In their answer, the Wagners referred to what is apparently this map as Barger's "sewage disposal engineering study".

the testimony of Michael Wagner acknowledged that the original subdivision map or plan prepared by Barger and supplied to Modulars had an exact location for the sewer system. He stated that prior to the start of the construction of the proposed sewage disposal system, the location had to be approved by the Department of Health. Nonetheless, Michael Wagner testified that Modulars placed the sewer in a different location than stated in the plan without first checking with the Department of Health. He also testified that he hired Barger knowing that Barger was expecting to be paid, but that he did not do so because he felt it was Modulars' responsibility despite the fact that he had no agreement with Modulars to that effect.

In response to the information attached to Barger's motion, the Wagners only submitted an affidavit from Michael Wagner and his attorney in which it is stated in a conclusory fashion that Barger's original subdivision design plan was defective and the system could not have been installed where Barger had originally indicated it should go. The basis for this allegation was the fact that Modulars' president allegedly told Michael Wagner that Barger was the negligent party and not he. Clearly, conclusory statements of this nature are insufficient to defeat a summary judgment motion (see, Zuckerman v City of New York, supra; Heffernan v Colonie Country Club, 160 AD2d 1062). The Wagners have failed to offer any evidentiary proof to the effect that the original subdivision plan was defective and they further fail to contradict Barger's assertion that a contract for the design of the second sewer system was made and satisfactorily completed.

Accordingly, summary judgment should have been granted to Barger on his complaint and the counterclaim dismissed against him. As a final matter, we disagree with the part of Barger's motion arguing that the facts of this case justify levying sanctions against the Wagners.

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion in action No. 2 for summary judgment on the complaint, striking the answer and dismissing the counterclaim; motion granted to that extent and counterclaim dismissed; and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.