■ TERRY HURWITCH, Appellant, v ROBERT KERCULL, Respon-

dent.—Mikoll, J. Appeal from an order of the Supreme Court (Brown, J.), entered May 20, 1991 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

This appeal presents the question of whether Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint on the ground the complaint failed to state a cause of action against defendant. The complaint alleged causes of action sounding in intentional interference with an employment contract, intentional infliction of emotional distress and prima facie tort. In our view the complaint was deficient and the order of Supreme Court should be affirmed.*

The action was commenced in November 1990 to recover damages related to plaintiff's employment as a secretary and the termination thereof. Defendant, along with Lawrence Fein and Edward Gallagher, all orthopedic surgeons, agreed in writing to practice medicine separately but to share operating expenses, staff and offices. Plaintiff had been hired personally by Fein to work as his secretary in July 1990. She had no written employment contract. She was fired on September 17, 1990 by defendant, the acting office manager. Plaintiff claims she was an employee only of Fein, who hired her, and not of defendant, and that defendant intentionally interfered with her contractual relationship with Fein.

Fatal to plaintiff's argument is the fact that plaintiff was an at-will employee, whether of Fein or the enterprise, and defendant, as office manager, acted for Fein and the others and thus had the authority, as contracting agent, to fire her as he did (see, Mansour v Abrams, 144 AD2d 905). Defendant cannot be held liable for intentionally interfering with an at-will employment relationship and that cause of action was properly dismissed (see, supra). Plaintiff did not submit admissible proof in evidentiary form to controvert the affidavits of Fein and defendant that defendant was office manager and as such had authority to fire her. Plaintiff's proof in this regard was hearsay and conclusory.

Plaintiff's argument that her action for intentional infliction of emotional distress was wrongly dismissed because the harassment of defendant rose to the level of outrageous conduct required to establish such claim is rejected. The conduct alleged is not that which "so transcends the bounds of decency

---

* Supreme Court did not issue a written decision and we are therefore deprived of the benefit of its rationale.

as to be regarded as atrocious and intolerable in a civilized society" *(Freihofer v Hearst Corp.,* 65 NY2d 135, 143; *see, Leibowitz v Bank Leumi Trust Co.,* 152 AD2d 169, 182). It does not reach the level of conduct pleaded in *Russo v Iacono* (73 AD2d 913). In our view this cause of action is no more than an attempt to avoid the employment at-will rule *(see, Ingle v Glamore Motor Sales,* 73 NY2d 183, 188-189).

Plaintiff's contention that the prima facie tort cause of action was erroneously dismissed because defendant's act in terminating her employment was solely motivated by malice is without merit. We also view this cause of action as an effort to escape the consequences of the employment at-will rule *(see, Mansour v Abrams, supra)* and, thus, its dismissal was not improper *(see, Ingle v Glamore Motor Sales, supra,* at 188-189).

Weiss, P. J., Yesawich Jr. and Levine, JJ., concur. Ordered that the order is affirmed, with costs.