■ JUSTINE AMERAL, Respondent, v DONNA JOHNSON, Individually and as District Manager of THE GAP, INC., et al., Appellants. [599 NYS2d 332] —Crew III, J. Appeal from that part of an order of the Supreme Court (Plumadore, J.), entered August 21, 1992 in Clinton County, which denied defendants' motion to dismiss the complaint for failure to state a cause of action against defendant Donna Johnson.

Plaintiff was employed by defendant The Gap, Inc. as a store manager until January 25, 1991, at which time she was terminated from her position by defendant Donna Johnson, plaintiff's supervisor and a district manager for The Gap. Plaintiff thereafter commenced this wrongful discharge action alleging, *inter alia,* that her termination was in violation of certain guidelines set forth in The Gap's employee handbook. Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7). Supreme Court granted the motion to dismiss as to The Gap but concluded that plaintiff had a cause of action against Johnson for tortious interference with contract and granted plaintiff leave to amend her complaint in this regard. Defendants appeal from so much of Supreme Court's order as denied their motion to dismiss the complaint against Johnson.

We note that plaintiff has neither filed a responding brief nor advised this Court of her intention to proceed on the record. Indeed, the only communication received by this Court is a letter from plaintiff's counsel indicating that it was her understanding that plaintiff did not wish to proceed with this action. We deem plaintiff's actions in this regard to be a concession that the relief sought on appeal should be granted *(see, Matter of Faith AA.,* 139 AD2d 22, 25), and we therefore grant Johnson the relief to which she is entitled. In any event, having properly concluded that plaintiff was an employee at will, Supreme Court erred in finding that plaintiff had a cause of action against Johnson for tortious interference with contract. Having failed to plead the existence of a valid contract,

plaintiff has no cause of action for tortious interference with contract (see, Ingle v Glamore Motor Sales, 73 NY2d 183, 188-189; Hurwitch v Kercull, 182 AD2d 1013, 1014). Nor does Johnson's alleged conduct support a cause of action for either intentional infliction of emotional distress or prima facie tort (see generally, Hurwitch v Kercull, supra, at 1014-1015). Accordingly, the complaint against Johnson must be dismissed.

Weiss, P. J., Mikoll, Yesawich Jr. and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to dismiss the complaint against defendant Donna Johnson and granted plaintiff leave to amend her complaint; motion granted to that extent and complaint dismissed against said defendant; and, as so modified, affirmed.