[650 NYS2d 480]

HOWARD REISS et al., Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent.

Third Department, December 5, 1996

---

### APPEARANCES OF COUNSEL

*Sive, Paget & Riesel, P. C.,* New York City *(Eric Bregman, Andrew J. Gershon* and *Steven Barshov* of counsel), and *Goldstein, Goldstein & Rikon,* New York City *(Michael Rikon* of counsel), for appellants.

*Richard W. Babinecz,* New York City *(Maura A. Kilroy* and *Francis M. Leonard* of counsel), for respondent.

### OPINION OF THE COURT

CREW III, J.

In 1984, plaintiffs purchased a house in the Village of Pleasantville, Westchester County. The property abuts defendant's right-of-way, upon which is constructed a high voltage electric transmission line. Fearing that the electromagnetic fields (hereinafter EMFs) emitted from such line might be injurious to their child's health, plaintiffs decided to sell the property in April 1993 and listed it with a local broker for $325,000. Eighteen months later, after 139 persons had viewed the parcel, with one couple making an offer and later refusing to close due to health fears associated with the power line, the property sold for $230,000. The record reveals that the ultimate sale price obtained by plaintiffs was 30% less than comparable properties in the Village due to the public perception that the power line posed a health hazard.

Plaintiffs thereafter commenced this action alleging causes of action for trespass and inverse condemnation and seeking a permanent injunction. Following joinder of issue, defendant moved for summary judgment. In their opposition papers, plaintiffs withdrew their request for injunctive relief and, thereafter, Supreme Court granted defendant's motion as to the remaining causes of action.*

On this appeal, plaintiffs claim that defendant invaded their property with a nonsolid agent for the benefit of the general

---

* Inasmuch as plaintiffs have not argued in their brief that the trespass cause of action was erroneously dismissed, they are deemed to have abandoned that issue and we will not address it *(see, Gibeault v Home Ins. Co.,* 221 AD2d 826, 827, n, 2).

public causing substantial diminution in the value of their property, thus constituting a de facto taking for which they are entitled to compensation. In order to sustain a cause of action for inverse condemnation, plaintiffs must allege and prove that defendant "has intruded onto the [plaintiffs'] property and interfered with [their] property rights to such a degree that the conduct amounts to a constitutional taking" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357). The *sine qua non* for such a cause of action is that defendant's conduct must constitute a permanent physical occupation of plaintiffs' property amounting to the exercise of dominion and control thereof (*see, e.g., United States v Causby*, 328 US 256; *O'Brien v City of Syracuse, supra; City of Buffalo v Clement Co.*, 28 NY2d 241). In our view, plaintiffs have neither established such occupation nor raised a triable issue of fact in that regard.

In support of its motion for summary judgment, defendant proffered the affidavit of Daniel Mark, a PhD in power engineering employed by defendant as an electrical engineer, who explained that EMFs consist of invisible lines of force produced by electricity, which can neither be seen, heard nor felt except in very limited circumstances not germane here. In opposition to defendant's motion, plaintiff Howard Reiss submitted an affidavit in which he averred that he had obtained a gaussmeter, which indicated the presence of EMFs on his property. Simply stated, such affidavit was insufficient to create a question of fact as to whether a physical invasion of plaintiffs' property had occurred. The uncontroverted evidence reveals that the EMFs at issue here are incapable of being perceived by the senses and, thus, are not capable of resulting in a "physical" invasion. Accordingly, there is no evidence that defendant has "taken" or damaged plaintiffs' property.

Although plaintiffs contend that the facts of this case are akin to cases involving intangible intrusions, such as noise or odor, where property owners have been compensated (*see, e.g., Griggs v Allegheny County*, 369 US 84 [property in question adjacent to airport]; *Tom Sawyer Motor Inns v County of Chemung*, 39 AD2d 4, *affd* 32 NY2d 775 [property at issue adjacent to sewer plant]), we cannot agree. Common to such cases is the notion that the intangible intrusion was perceptible by the senses and, as such, was offensive and harmful. Having established such harm, the property owner then was permitted to prove damages, an element of which is diminution in property value. Here, however, plaintiffs have failed to prove harm by reason of the existence of EMFs. Specifically, they have of-

fered no scientific proof that EMFs constitute a health hazard, thereby rendering their property unsafe and uninhabitable. Having failed to establish that defendant harmed plaintiffs' property, plaintiffs are not entitled to reimbursement for the diminution in the value of their property.

MIKOLL, J. P., MERCURE, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the order is affirmed, without costs.