*921 Appeal and cross appeal from an order of Supreme Court, Monroe County (Galloway, J.), entered November 4, 2002, which, inter alia, granted in part defendants’ motion for summary judgment dismissing the amended complaint.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of defendants’ motion with respect to the second cause of action and the fifth cause of action insofar as it alleges an equal protection claim and reinstating the second cause of action in its entirety and the equal protection claim and granting those parts of defendants’ motion with respect to the first and fourth causes of action and dismissing the first and fourth causes of action and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action against defendants Town of Rush and two of its officials, Donald Knab and Frank Kachala, seeking to recover damages for defendants’ alleged deprivation of plaintiffs property rights. Plaintiff appeals and defendants cross-appeal from an order granting in part defendants’ motion for summary judgment dismissing the amended complaint.
On plaintiffs appeal, we conclude that Supreme Court erred in granting that part of defendants’ motion seeking summary judgment dismissing the fifth cause of action, brought pursuant to 42 USC § 1983, insofar as it alleges that plaintiffs right to equal protection was violated by various wrongful actions by defendants. The basic guarantee of the Equal Protection Clause is that government will act evenhandedly in allocating the benefits and burdens prescribed by law and will not, without at least a rational basis, treat similarly situated persons differently or disparately (see City of Cleburne v Cleburne Living Ctr., 473 US 432, 439 [1985]; Plyler v Doe, 457 US 202, 216 [1982]). Indeed, the purpose of the Equal Protection Clause “is to secure every person within the State’s jurisdiction against intentional *922 and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents” of the government (Village of Willowbrook v Olech, 528 US 562, 564 [2000] [internal quotation marks omitted]; see Sioux City Bridge Co. v Dakota County, 260 US 441, 445 [1923]; Sunday Lake Iron Co. v Township of Wakefield, 247 US 350, 352 [1918]). An equal protection claim may be “brought by a ‘class of one,’ where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment” (Olech, 528 US at 564, citing Sioux City Bridge Co., 260 US at 441; Allegheny Pittsburgh Coal Co. v County Commn. of Webster County, W. Va., 488 US 336 [1989]).
Plaintiff alleges that she was denied equal protection by defendants’ conduct in seeking to enforce inapplicable building code and certificate of occupancy requirements against her; in subjecting plaintiff to groundless prosecutions; in confiscating certain personal property of plaintiff; and in harassing plaintiff and otherwise interfering with her enjoyment of her property rights. Plaintiffs allegations fairly imply that similarly situated property owners are not subjected to such treatment and that defendants lacked a rational basis for their disparate treatment of plaintiff. We thus conclude that those allegations adequately state an equal protection claim {see Olech, 528 US at 564). In seeking summary judgment, defendants failed to demonstrate that they treat other similarly situated property owners as they allegedly have treated plaintiff. Even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiff raised a triable issue of fact with regard to whether she has suffered disparate treatment at the hands of defendants. We therefore modify the order by denying that part of defendants’ motion with respect to the fifth cause of action insofar as it alleges an equal protection claim and reinstating that claim.
We further conclude that the court erred in granting that part of defendants’ motion seeking summary judgment dismissing the second cause of action, for malicious prosecution, insofar as it is predicated on the first set of criminal charges lodged against plaintiff. To recover for malicious prosecution, plaintiff must establish that a criminal proceeding was commenced or continued against her without probable cause, that the proceeding was brought out of actual malice, and that the proceeding was terminated in favor of plaintiff (see Martinez v City of Schenectady, 97 NY2d 78, 84 [2001]; Martin v City of Albany, 42 NY2d 13, 16 [1977]; Broughton v State of New York, 37 NY2d 451, 457 [1975], cert denied sub nom. Schanbarger v Kellogg, *923 423 US 929 [1975]). Here, defendants sought summary judgment on the ground that the first set of criminal charges was terminated either by an adjournment in contemplation of dismissal or pursuant to an agreement between plaintiff and defendants, her accusers. We agree with defendants that either such disposition, if established, would constitute a termination not in plaintiffs favor (see Martinez, 97 NY2d at 84; Cantalino v Danner, 96 NY2d 391, 395 [2001]; Hollender v Trump Vil. Coop., 58 NY2d 420, 424-426 [1983]; Tzambazis v City of New York, 291 AD2d 397 [2002]; see Manti v New York City Tr. Auth., 165 AD2d 373, 380-381 [1991]). However, both plaintiff and her counsel at the time have averred, on personal knowledge, that the first prosecution was not terminated by either compromise or an adjournment in contemplation of dismissal. Moreover, County Court’s order determining plaintiff’s appeal from “convictions” made no mention of either a compromise or an adjournment in contemplation of dismissal. Instead, it expressly “granted” plaintiff’s appeal and “reversed and vacated” plaintiff’s “convictions” and the “Order and Conditions of Conditional Discharge” imposed thereon. Plaintiff thus has raised a triable issue of fact with regard to whether the first set of criminal charges terminated in her favor. We therefore further modify the order by denying that part of defendants’ motion with respect to the second cause of action and reinstating that cause of action in its entirety.
On defendants’ cross appeal, we conclude that the court erred in denying that part of defendants’ motion seeking summary judgment dismissing the first cause of action, for inverse condemnation. A finding of inverse condemnation or de facto taking requires a “showing that the government has intruded onto the . . . property and interfered with the owner’s property rights to such a degree that the conduct amounts to a constitutional taking requiring the government to purchase the property from the owner” (O’Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). A de facto taking can consist of either a permanent ouster of the owner, or a permanent interference with the owner’s physical use, possession, and enjoyment of the property, by one having condemnation powers (see Mickel v State of New York, 77 AD2d 794 [1980], affd 54 NY2d 858 [1981]; Feder v Village of Monroe, 283 AD2d 548, 549 [2001], citing City of Buffalo v Clement Co., 28 NY2d 241 [1971], rearg denied 29 NY2d 640 [1971]; Hylan Flying Servs. v State of New York, 54 AD2d 278, 280 [1976], lv dismissed 40 NY2d 809 [1977]; see also Sarnelli v City of New York, 256 AD2d 399, 400 [1998], lv denied 93 NY2d 804, 958 [1999]; Matter of Ward v Bennett, 214 AD2d 741 [1995]). In order to constitute a permanent ouster, “defen *924 dant[s’] conduct must constitute a permanent physical occupation of plaintiff’s property amounting to the exercise of dominion and control thereof” (Reiss v Consolidated Edison Co., 228 AD2d 59, 61 [1996], appeal dismissed 89 NY2d 1085 [1997] , lv denied 90 NY2d 807 [1997], cert denied 522 US 1113 [1998] ; see Clement Co., 28 NY2d at 253-255). Here, defendants demonstrated as a matter of law that their conduct did not constitute a permanent physical occupation of plaintiffs property, and plaintiff failed to raise a triable issue of fact (see Reiss, 228 AD2d at 61). We therefore further modify the order by granting that part of defendants’ motion with respect to the first cause of action and dismissing that cause of action.
We further conclude that the court erred in denying that part of defendants’ motion seeking summary judgment dismissing the fourth cause of action, for tortious interference with contract. The essential elements of that cause of action are the existence of a valid contract between plaintiff and a third party, defendants’ knowledge of that contract, defendants’ intentional procurement of the third party’s breach of that contract without justification, and damages (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]; Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]; Israel v Wood Dolson Co., 1 NY2d 116, 120 [1956]). The record establishes as a matter of law that plaintiff had no enforceable leases with her tenants, and thus defendants could not have procured any breach thereof (see R.S.A. Distribs. v Milford Plaza Assoc., 209 AD2d 329 [1994]; cf. Ingle v Glamore Motor Sales, 73 NY2d 183, 188-189 [1989]; Matter of Williams v County of Genesee, 306 AD2d 865, 868 [2003]; Ameral v Johnson, 194 AD2d 976, 976-977 [1993]; Hurwitch v Kercull, 182 AD2d 1013, 1014 [1992]). We therefore further modify the order by granting that part of defendants’ motion with respect to the fourth cause of action and dismissing that cause of action.
We have considered the parties’ remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J, Pine, Hurlbutt, Kehoe and Hayes, JJ.