In the Matter of ADVOCATES FOR PRATTSBURGH, INC., et al., Appellants, v STEUBEN COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Respondent. ECOGEN, LLC, Intervenor-Respondent. (Appeal No. 1.) [851 NYS2d 759]—

Appeal from a judgment and order (denominated order) of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered June 27, 2006 in a proceeding pursuant to CPLR article 78. The judgment and order, insofar as appealed from, granted in part respondent's motion to dismiss the petition and dismissed the second and fourth causes of action.

It is hereby ordered that the judgment and order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of respondent, Steuben County Industrial Development Agency (SCIDA), pursuant to article 8 of the Environmental Conservation Law (State

Environmental Quality Review Act [SEQRA]) approving the final generic environmental impact statement prepared in connection with a proposed wind farm to be built and operated by intervenor, Ecogen, LLC (Ecogen). The proposed wind farm was to be built partially in the Town of Prattsburgh, Steuben County and partially in the Town of Italy, Yates County.

By the judgment and order entered June 27, 2006 in appeal No. 1, Supreme Court granted only those parts of SCIDA's motion seeking dismissal of the second and fourth causes of action in the petition, and the court also granted petitioners' cross motion to permit Ecogen to intervene. On SCIDA's appeal by permission from the judgment and order insofar as it denied those parts of SCIDA's motion seeking dismissal of the first and third causes of action and granted petitioners' cross motion, we affirmed the "order" for reasons stated in the decision at Supreme Court (*Matter of Advocates for Prattsburgh Inc. v Steuben County Indus. Dev. Agency*, 35 AD3d 1292 [2006]).

Although petitioners did not file a notice of appeal with respect to the judgment and order in appeal No. 1 insofar as it dismissed the second and fourth causes of action until February 1, 2007, we note that the record on appeal contains no proof of service of that judgment and order with notice of entry, and it thus appears that the time in which to take an appeal from the judgment and order in appeal No. 1 never began to run. Indeed, petitioners now appeal from the judgment and order in appeal No. 1 as well as the judgment in appeal No. 2, which dismissed the first and third causes of action and thereby dismissed the petition in its entirety.

We reject petitioners' contention with respect to appeal No. 1 that the setback requirements contained in SCIDA's findings statement amount to a de facto taking. The wind turbine generators (WTGs) will be located on land leased or purchased by Ecogen, and SCIDA approved setback requirements that restrict the location of the WTGs to ensure that the WTGs are a minimum distance from residences, public roads and properties that do not contain WTGs. The setback requirements do not, however, place any restrictions upon property owners who do not consent to having WTGs on their property. We thus cannot agree with petitioners that the setback requirements amount to a de facto taking inasmuch as " 'acts done in the proper exercise of governmental powers, and not directly encroaching upon private property, though their consequences may impair its use, are universally held not to be a taking with the meaning of the constitutional provision' " (*Cities Serv. Oil Co. v City of New York*, 5 NY2d 110, 117 [1958], *rearg denied* 5 NY2d 1041 [1959],

*cert denied* 360 US 934 [1959]; *see Weaver v Town of Rush*, 1 AD3d 920, 923-924 [2003]; *see also City of Buffalo v Clement Co.*, 28 NY2d 241, 255 [1971], *rearg denied* 29 NY2d 640 [1971]).

Petitioners' further contention with respect to appeal No. 1 that the project as approved by SCIDA violated either the New York Constitution or the Energy Law is without merit because petitioners failed to allege that SCIDA violated any constitutional or statutory provisions. Indeed, we note that the Public Health Clause of the New York Constitution affords the Legislature broad discretion to promote public health "in such manner, and by such means as the legislature may from time to time determine" (NY Const, art XVII, § 3; *see Hope v Perales*, 83 NY2d 563, 578 [1994]), but it does not impose any obligations upon SCIDA or Ecogen. We thus conclude that the New York Constitution has no effect on SCIDA's determination concerning the wind farm project. Similarly, the Energy Law requires that owners and operators of alternative energy production facilities comply with "the rules and regulations of the state energy office" (§ 21-106 [4]). There currently are no applicable rules or regulations, and the absence of any such rules or regulations cannot be deemed to bar SCIDA and Ecogen from proceeding.

Petitioners' contention with respect to appeal No. 2 that SCIDA was not the appropriate lead agency for the purposes of SEQRA review is without merit. A lead agency is defined as "an involved agency principally responsible for undertaking, funding or approving" a project (6 NYCRR 617.2 [u]), and an involved agency is defined as "an agency that has jurisdiction by law to fund, approve or directly undertake" a project (6 NYCRR 617.2 [s]). As an industrial development agency, SCIDA has statutory authority to provide financial assistance to projects for the benefit of Steuben County and its inhabitants (*see* General Municipal Law § 858 [15]; § 895-i [1]), and the record establishes that, prior to assuming the status of lead agency, SCIDA notified the other involved agencies and received no objection (*see Matter of Violet Realty, Inc. v City of Buffalo Planning Bd.*, 20 AD3d 901, 903 [2005], *lv denied* 5 NY3d 713 [2005]). Petitioners are correct that SCIDA cannot fund a project that will occur partially outside Steuben County without obtaining the consent of the governing bodies of other municipalities in which a part of the project will be located (*see* General Municipal Law § 854 [4]). Nevertheless, the failure to obtain such consent before the SEQRA review does not affect SCIDA's status as lead agency because there is no requirement in the applicable regulations that all conditions precedent to funding be

met before an agency assumes the status of lead agency (*see generally* 6 NYCRR 617.2).

Finally, we reject petitioners' contention with respect to appeal No. 2 that SCIDA failed to conduct an adequate review pursuant to SEQRA. In reviewing whether a determination was made in accordance with SEQRA and its implementing regulations, a court is "limited to reviewing whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688 [1996]). The role of a court is not "to weigh the desirability of any proposed actions or choose among alternatives but only to insure that the agency has satisfied the substantive and procedural requirements of SEQRA and of the regulations implementing it" (*Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 66 [1989]). We conclude on the record before us that, in approving the final generic environmental impact statement, SCIDA "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). Present—Gorski, J.P., Martoche, Lunn, Fahey and Pine, JJ.