■ WILLIAM A. ZUTT et al., Appellants, v STATE OF NEW YORK, Respondent. [856 NYS2d 667]—

In an action, inter alia, for permanent injunctive relief to

abate a private nuisance, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated January 31, 2007, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (2) to dismiss the first cause of action for lack of subject matter jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (2) to dismiss the first cause of action is denied.

The plaintiffs own property in Garrison, located between New York State Route 9D and the Hudson River. The plaintiffs' property is situated downhill from Route 9D, a highway owned by the defendant State of New York. The State collected stormwater runoff from the highway in a series of catch basins and pipes and discharged it into a culvert. From there, the stormwater flowed into a ditch which runs through the plaintiffs' property. On June 17, 2001 the plaintiffs' property was damaged when stormwater from the highway overflowed the banks of the ditch.

The plaintiffs, in their capacity as claimants, filed a claim in the Court of Claims against the State, asserting causes of action sounding in trespass and nuisance. The Court of Claims found the State liable. Prior to the entry of a final judgment in the Court of Claims awarding damages, the plaintiffs commenced the instant action in the Supreme Court, Putnam County, seeking, in the first cause of action, to enjoin the State from draining stormwater through the ditch on their property and, in the second cause of action, to recover damages for inverse condemnation. The Supreme Court dismissed the complaint for lack of subject matter jurisdiction.

The Court of Claims does not have jurisdiction over strictly equitable claims against the State or its instrumentalities (*see Cass v State of New York,* 58 NY2d 460 [1983]; *Matter of Gebman v Pataki,* 256 AD2d 854 [1998], *cert denied* 528 US 1005 [1999]). Further, "although claims that are primarily against the State for damages must be brought in the Court of Claims, the Supreme Court may consider a claim for injunctive relief against the State as long as the claim is not primarily one for damages" (*Cavaioli v Board of Trustees of State Univ. of N.Y.,* 116 AD2d 689, 689 [1986] [citations omitted]). The relevant question is whether the essential nature of the claim is the recovery of damages (*see Matter of Gross v Perales,* 72 NY2d 231 [1988]). Here, the plaintiffs' first cause of action is clearly one for injunctive relief, and not for damages. Accordingly, the Supreme Court should not have granted that branch of the

defendant's motion which was to dismiss the first cause of action (*see Cavaioli v Board of Trustees of State Univ. of N.Y.,* 116 AD2d 689 [1986]; *cf. Matter of Albany Hous. Auth. v Hennessy,* 74 AD2d 710, 711 [1980]). Mastro, J.P., Ritter, Carni and Eng, JJ., concur.