# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

783

CA 14-02228

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

GREECE RIDGE, LLC AND TOWN OF GREECE,
PLAINTIFFS-RESPONDENTS,

V                                        MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-APPELLANT.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF COUNSEL), FOR DEFENDANT-APPELLANT.

FORSYTH, HOWE, O'DWYER, KALB & MURPHY, P.C., ROCHESTER (ROBERT B. KOEGEL OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered April 8, 2014. The order granted in part the motion of plaintiffs to dismiss certain affirmative defenses and granted in part the cross motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is modified on the law by granting that part of the cross motion with respect to the fourth cause of action, and dismissing that cause of action, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs allege that the Department of Transportation changed the elevation of a storm drainage system near a mall and other properties owned by plaintiffs, and that those changes caused plaintiffs' properties to flood during periods of heavy rain. Plaintiffs commenced this action in Supreme Court seeking, among other relief, an injunction requiring defendant to correct the drainage system, and damages for injuries caused by the resultant flooding. Plaintiffs also commenced an action in the Court of Claims seeking damages for the same injuries, but the parties stipulated to dismissal of that action without prejudice. As relevant here, plaintiffs moved to dismiss certain affirmative defenses pursuant to grounds set forth in CPLR 3211, and defendant cross-moved for summary judgment dismissing the complaint. Defendant appeals from an order that, inter alia, granted parts of the motion and the cross motion.

Contrary to defendant's contention, the court properly denied that part of its cross motion seeking summary judgment dismissing all claims for money damages. Although defendant is correct that " 'claims that are primarily against the State for damages must be brought in the Court of Claims, the Supreme Court may consider a claim

for injunctive relief as long as the claim is not primarily for damages' " (*Zutt v State of New York*, 50 AD3d 1131, 1132; *see* Court of Claims Act § 9 [2]). "Whether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim, is dependent upon the facts and issues presented in a particular case" (*Matter of Gross v Perales*, 72 NY2d 231, 236, *rearg denied* 72 NY2d 1042; *see generally Metropolitan Taxicab Bd. of Trade v New York City Taxi & Limousine Commn.*, 115 AD3d 521, 522-523, *lv denied* 24 NY3d 911). Here, defendant failed to establish in support of its cross motion that the essential nature of the causes of action for negligence, continuing nuisance, and continuing trespass is to recover money damages, and thus the court properly declined to grant summary judgment dismissing those causes of action.

We agree, however, with the further contention of defendant that the court erred in denying that part of its cross motion seeking summary judgment dismissing the cause of action for inverse condemnation, and we therefore modify the order accordingly. That cause of action alleged that the flooding intruded onto plaintiffs' properties and interfered with their property rights to such an extent that it constituted "a constitutional taking requiring [defendant] to purchase the properties from plaintiffs." It is well settled that such a "taking can consist of either a permanent ouster of the owner, or a permanent interference with the owner's physical use, possession, and enjoyment of the property, by one having condemnation powers" (*Weaver v Town of Rush*, 1 AD3d 920, 923). "In order to constitute a permanent ouster, 'defendant['s] conduct must constitute a permanent physical occupation of plaintiff's property amounting to exercise of dominion and control thereof' " (*id.* at 923-924; *see Reiss v Consolidated Edison Co. of N.Y.*, 228 AD2d 59, 61, *appeal dismissed* 89 NY2d 1085, *lv denied* 90 NY2d 807, *cert denied* 522 US 1113).

Here, defendant met its burden on its cross motion with respect to the cause of action for inverse condemnation by establishing as a matter of law that any interference with plaintiffs' property rights was not sufficiently permanent to constitute a de facto taking (*see Sarnelli v City of New York*, 256 AD2d 399, 400-401, *lv denied* 93 NY2d 804, *reconsideration denied* 93 NY2d 958; *cf. Sassone v Town of Queensbury*, 157 AD2d 891, 893), and plaintiffs failed to raise a triable issue of fact in opposition (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Insofar as the parties rely upon the cause of action for inverse condemnation as a basis to grant or deny the motion to dismiss the affirmative defenses, their contentions concerning those affirmative defenses are academic in light of our dismissal of that cause of action.

We have considered defendant's remaining contentions and conclude that they are without merit.

All concur except SCONIERS and DEJOSEPH, JJ., who dissent in part and vote to modify in accordance with the following memorandum: We respectfully dissent in part. We agree with the majority that Supreme Court erred in denying that part of defendant's cross motion seeking summary judgment dismissing the fourth cause of action, for inverse

condemnation.  With respect to the remaining causes of action, however, we conclude that the court further erred in denying that part of the cross motion seeking summary judgment dismissing them to the extent that they assert claims for damages, and in granting that part of plaintiffs' motion seeking dismissal of the 10th affirmative defense, which alleges that the court lacks subject matter jurisdiction over plaintiffs' claims for damages.  We would therefore further modify the order accordingly.

The remaining causes of action, sounding in negligence, continuing nuisance and continuing trespass, "are primarily claims against the State for money damages and as such could only be entertained in the Court of Claims" (*Schaffer v Evans*, 57 NY2d 992, 994; *see* Court of Claims Act § 9 [4]).  Contrary to the majority, we conclude that the damages for losses allegedly incurred as the result of the flooding are "consequential damages and are not 'incidental to the primary relief sought by [plaintiffs]' " (*Matter of Bennefield v Annucci*, 122 AD3d 1329, 1330).  To the extent that the first three causes of action support plaintiffs' claim for injunctive relief, they may remain in Supreme Court (*see Zutt v State of New York*, 50 AD3d 1131, 1132), but the claims for damages must be asserted in the Court of Claims (*see Bennefield*, 122 AD3d at 1330; *Matter of Taylor v Kennedy*, 159 AD2d 827, 827).

Entered:  July 10, 2015                          Frances E. Cafarell
                                                 Clerk of the Court