Matter of Willis Ave. Bridge Replacement (2019 NY Slip Op 08162)





Matter of Willis Ave. Bridge Replacement


2019 NY Slip Op 08162


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


10303 650/07

[*1] In re Willis Avenue Bridge Replacement
82 Willis, LLC, Claimant-Respondent,
and
The City of New York, Condemnor-Appellant.


Zachary W. Carter, Corporation Counsel, New York (Deborah R. Kerzhner of counsel), for appellant.
Jaspan Schlesinger LLP, Garden City (Andrew M. Mahony of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about July 23, 2018, which, citing outstanding discovery, denied as premature the City's motion to strike claimant's appraisal of its damages caused by flooding of its real property and of an access easement, unanimously reversed, on the law, without costs, the motion granted, and the flooding appraisal stricken.
In March 2007, the City acquired by condemnation various fee and easement interests in connection with its plan to replace the Willis Avenue Bridge, spanning the Harlem River between Manhattan and the Bronx. As relevant to this appeal, the City acquired permanent and temporary easements in a portion of a lot abutting the landlocked lot owned by claimant 82 Willis, LLC. The City did not obtain a de jure taking of any part of claimant's lot.
In 2008, following the condemnation, claimant filed a notice of claim pursuant to Eminent Domain Procedure Law (EDPL) § 503, asserting a claim for appropriation of an easement over its lot. In 2015, claimant alleged for the first time that the bridge construction was causing flooding of its property. In 2017, claimant submitted the appraisal at issue in this appeal, prepared by Cushman & Wakefield, which determined that during a 31-month period from November 2014 through May 2017, claimant's property and the non-exclusive access easement became flooded after rainfall. It attributed the flooding to a drainage pipe in the access easement area that became blocked by cement during construction of the new bridge. The appraisal provides that subsequent to the discovery of the flooding, claimant leased out its property and received rental income. Claimant's alleged flooding damages, as set forth in the appraisal, consist of reduced rental income and the inability to develop residential towers on the property.
The City moved to strike claimant's appraisal prepared by Cushman & Wakefield, arguing that the flooding damages do not result from the taking of claimant's property and, therefore, are not compensable in this eminent domain condemnation valuation proceeding brought under article 5 of the Eminent Domain Procedure Law (EDPL). Rather, the City insisted, the flooding claim must be asserted in a separate tort proceeding to recover construction damages. Without addressing the City's legal argument, Supreme Court denied its motion as premature, in light of outstanding discovery.
"When the State takes property by eminent domain, the Constitution requires that it compensate the owner so that he may be put in the same relative position, insofar as this is possible, as if the taking had not occurred" (Matter of City of New York [Kaiser Woodcraft Corp.]), 11 NY3d 353, 359 [2008][internal quotation marks and citation omitted]; NY Const, art I, § 7[a]; US Const, 5th Amend).
Because claimant's property was not subject to a de jure taking by the City, it may not pursue a claim to recover just compensation or consequential damages resulting from the [*2]flooding in this eminent domain valuation proceeding (Matter of Culver Contr. Corp. v Humphrey, 268 NY 26 [1935]; Matter of Metropolitan Transp. Auth. 159 AD3d 518 [1st Dept 2018], lv denied 31 NY3d 910, 911 [2018]; Frisbie & Stansfield Knitting Co., Inc. v State of New York, 189 AD 341 [4th Dept 1919], affd 231 NY 523 [1921]; see also EDPL 101, 501).
Claimant's claim for a de facto taking or inverse condemnation also fails as a matter of law. Inverse condemnation is the "manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 785-786 [2012]). To succeed on an inverse condemnation claim, a property owner must show "that the government has intruded onto the [owner's] property and interfered with the owner's property rights to such a degree that the conduct amounts to a constitutional taking requiring the government to purchase the property from the owner" (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). "A de facto taking can consist of either a permanent ouster of the owner, or a permanent interference with the owner's physical use, possession, and enjoyment of the property, by one having condemnation powers" (Weaver v Town of Rush, 1 AD3d 920, 923 [4th Dept 2003]; see City of Buffalo v Clement Co., 28 NY2d 241, 255 [1971]). "The sine qua non for such a cause of action is that defendant's conduct must constitute a permanent physical occupation of plaintiffs' property amounting to the exercise of dominion and control thereof" (Reiss v Consolidated Edison Co. of N.Y., 228 AD2d 59, 61 [3d Dept 1996], appeal dismissed 89 NY2d 1085 [1997], lv denied 90 NY2d 807 [1997], cert denied 522 US 1113 [1998]). "In a modern inverse condemnation action, an owner whose property has been taken de facto may sue the entity that took it to obtain just compensation, and if the action is successful the defendant has no choice in the matter — the compensation must be paid" (Corsello, 18 NY3d at 786).
The claim here for inverse condemnation is legally flawed, since the interference with claimant's property rights, as set forth in its own appraisal report, is not sufficiently permanent to constitute a de facto taking as a matter of law (Greece Ridge, LLC v State of New York, 130 AD3d 1559, 1560-1561 [4th Dept 2015] [change to storm drainage system near the plaintiffs' property, causing flooding during periods of heavy rainfall, legally insufficient to support claim for inverse condemnation]).
In light of the foregoing decision, the Court will not address the timeliness of claimant's inverse condemnation claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK