■ In the Matter of FELMONT NATURAL GAS STORAGE COMPANY, INC., Respondent, v JOHN F. HUDACS, as Commissioner of General Services, et al., Appellants.—Judgment unanimously affirmed with costs. Memorandum: In 1964, Felmont Oil Corporation leased from the State of New York gas storage rights for a reservoir underlying a portion of Allegany State Park. Gas storage rights include subsurface rights, as well as certain surface rights to the land over the reservoir and a buffer zone. The 1964 lease contained the following provision: "Further, in the event new reservoir engineering studies based on additional drilling in the proposed gas storage area indicate that the boundaries of the Oriskany gas reservoir are sufficiently different from those set forth on map Appendix A to warrant a revision of the proposed gas storage area (reservoir plus buffer zone), it is agreed that upon presentation of such data by Lessee to Lessor, together with a revised storage permit in accordance with Section 85 of the

Conservation Law, Lessor shall, upon Lessee's request, amend this lease so as to include such additional area, or exclude some heretofore leased area, as the case may be."

Upon execution of the lease, Felmont Oil Corporation obtained the required permit from the Conservation Department (now the Department of Environmental Conservation [DEC]) for the underground storage of gas on the premises described in the lease. In 1986, Felmont Oil Corporation assigned the lease to petitioner and sought DEC approval for transfer of the permit to petitioner. As part of the review for the transfer, the DEC required petitioner to update the map of the reservoir boundaries. The necessary geological investigation revealed that the boundaries of the storage area were larger than reflected in the 1964 lease, and the DEC concluded that a larger buffer zone was required. Such an enlargement of the buffer zone would extend beyond the perimeter of the leased premises, and transfer of the permit was conditioned on acquisition by petitioner of a leasehold interest in the additional land.

Petitioner notified respondents of the permit condition and submitted to them a proposed "MODIFICATION OF GAS STORAGE LEASE" which incorporated the additional land. Respondents refused to execute the modification on the ground that the leasehold could not be enlarged beyond the originally drawn boundaries. Petitioner then commenced this CPLR article 78 proceeding seeking an order of mandamus compelling respondents to execute the modification. Supreme Court concluded that mandamus was appropriate and that petitioner had demonstrated a clear contractual right to the requested modification. This appeal followed.

At the outset, we must consider whether the extraordinary remedy of mandamus lies here. "An Article 78 proceeding in the nature of mandamus is used to compel the performance of a duty that is merely ministerial in nature and involves no exercise of judgment or discretion" (Siegel, NY Prac § 558 [2d ed]). Petitioner's claim is based on the lease terms and sounds in contract. Except in certain specific circumstances, not present here, mandamus does not lie to enforce contract rights (State Div. of Human Rights v New York State Dept. of Correctional Servs., 90 AD2d 51, 68, n 8).

At oral argument of this appeal, the Assistant Attorney-General stated that there was no objection to this Court's conversion of the proceeding to an action for specific performance of the lease. Supreme Court obtained jurisdiction over

the parties and the subject matter of the claim; thus, this Court may exercise its discretion under CPLR 103 (c) and convert the proceeding to an action *(see, Cavaioli v Board of Trustees,* 116 AD2d 689; *Matter of Adams v New York State Civ. Serv. Commn.,* 51 AD2d 668).

Turning then to the merits, we find that the language of the 1964 lease is clear and unambiguous, and construction of that agreement is for the court to resolve *(see, Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68). The applicable clause provides that if the boundaries of the reservoir are determined to be "sufficiently different" from those originally mapped, upon the lessee's request the lessor "shall * * * amend this lease so as to include such additional area". It is undisputed that the boundaries of the storage area are significantly larger than those included in the 1964 lease. Accordingly, respondents were properly directed to amend the gas storage lease to include the necessary additional area. (Appeal from Judgment of Supreme Court, Cattaraugus County, Feeman, J.—Article 78.) Present—Dillon, P. J., Doerr, Lawton, Lowery and Davis, JJ.