■ Paulinus Ojeni, Appellant, v Erik Lieber, Esq., Respondent. [759 NYS2d 453] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered January 29, 2002, which upon the grant of reargument and renewal, adhered to the prior order of the same court and Justice, entered on or about May 31, 2001, which, inter alia, granted defendant's motion to set aside any judgment entered by plaintiff and to restrain plaintiff's attorney from entering judgment, and denied plaintiff's cross motion for leave to enter a judgment, unanimously affirmed, without costs.

Plaintiff argues that he has demonstrated a valid settlement agreement not subject to CPLR 2104's requirement that it be written because it was not made in an action. However, in his action, he has not alleged breach of the claimed agreement, but rather has sued only in tort. His pleading made no reference to the settlement negotiations or the alleged agreement, and, without litigating the tort claim he has leveled against defendant, he has moved for leave to enter a judgment pursuant to CPLR 5003-a (a), which applies in "an action to recover damages."

Leaving aside that plaintiff may not enforce the alleged settlement agreement by means of an action sounding only in tort, it is clear that there has been no demonstration of the existence of an enforceable contract. The settlement offer was not made by defendant, but by his putative agent, a representative of his liability insurer. Plaintiff has not shown that the putative agent acted with actual authority to bind defendant to a specific amount without his consent, since he has not demonstrated defendant's objective manifestation, expressed to the agent, of consent to the agency (see Just In-Material Designs v I.T.A.D. Assoc., 94 AD2d 103, 109 [1983], affd 61 NY2d 882 [1984]; see also Investigative Group v Trump, 196 AD2d 705, 706 [1993]). Nor has he adduced evidence of apparent authority, which would require representations made to him by the principal, not by the agent, before the alleged agreement was reached (see Parlato v Equitable Life Assur. Socy., 299 AD2d 108, 112 [2002], lv denied 99 NY2d 508 [2003]; see also Indosuez Intl. Fin. v National Reserve Bank, 98 NY2d 238, 245-246 [2002]). Concur—Tom, J.P., Saxe, Ellerin, Williams and Marlow, JJ.