# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**751**
**CA 13-01334**
PRESENT: SMITH, J.P., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

ROGER PASQUARELLA AND 2030 ELMWOOD AVENUE, INC.,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

1525 WILLIAM STREET, LLC, DEFENDANT-APPELLANT.

---

STEINER & BLOTNIK, BUFFALO (RICHARD J. STEINER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

AUGELLO & MATTELIANO, LLP, BUFFALO (JOSEPH A. MATTELIANO OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J.
Walker, A.J.), entered May 23, 2013.  The order granted the motion of
plaintiffs for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously
affirmed without costs.

Memorandum:  In this action arising from a contract for the sale
of a parcel of real property, defendant appeals from an order granting
plaintiffs' motion for summary judgment on their cause of action for
specific performance.  Plaintiffs negotiated intermittently over a
two-year period to purchase the subject parcel from defendant, a limited
liability corporation (LLC).  All of the contractual negotiations were
conducted by Zvi Sultan, who indicated to plaintiffs that he was
president-principal of defendant, by plaintiff Roger Pasquarella as agent
for the business that subsequently became plaintiff 2030 Elmwood Avenue,
Inc. (2030 Elmwood), and by the attorneys for the parties.  Throughout
the negotiations, defendant's attorney acted as if Sultan had authority
to negotiate on defendant's behalf.  There were several lengthy breaks
in the negotiations, but the parties eventually finalized the details
of the contract, and, in April 2012, the contract was signed.  Sultan,
in executing the contract on behalf of defendant, indicated that he was
defendant's manager, and defendant's attorney accepted plaintiffs' deposit
of $7,500.00.  When plaintiffs' attorney sought the documents that,
pursuant to the contract, defendant was obligated to provide prior to
closing, defendant declined to provide them and refused to schedule a
closing date.  Defendant sought to return plaintiffs' deposit after this
action was commenced, using the services of a different attorney.
Defendant contended that Sultan had no authority to bind defendant because,
shortly before the contract was signed, Sultan sold a controlling interest
in defendant to his son, and the operating agreement between the two

provided that a sale of corporate property must be approved by all members.

We agree with plaintiffs that, in support of their motion for summary judgment, they demonstrated that they "substantially performed [their] contractual obligations and w[ere] willing and able to perform [their] remaining obligations" (*EMF Gen. Contr. Corp. v Bisbee*, 6 AD3d 45, 51, *lv dismissed* 3 NY3d 656, *lv denied* 3 NY3d 607; *see generally Pesa v Yoma Dev. Group, Inc.*, 18 NY3d 527, 530-531), and thus demonstrated that they were entitled to summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

In opposition, defendant failed to raise a triable issue of fact whether Sultan lacked apparent authority to bind defendant contractually. "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction. The agent cannot by his own acts imbue himself with apparent authority. Rather, the existence of apparent authority depends upon a factual showing that the third party relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal — not the agent" (*Hallock v State of New York*, 64 NY2d 224, 231 [internal quotation marks omitted]; *cf. N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 252 n 3). Here, we conclude that plaintiffs reasonably relied on, inter alia, their prior course of dealing with Sultan in his capacity as president, principal and manager of defendant (*see Benderson Dev. Co. v Schwab Bros. Trucking*, 64 AD2d 447, 456; *see also Federal Ins. Co. v Diamond Kamvakis & Co.*, 144 AD2d 42, 46-47, *lv denied* 74 NY2d 604). In addition, the record establishes that defendant allowed its attorney to act in a manner consistent with Sultan's continued authority, and that defendant accepted the deposit that plaintiffs provided to that attorney in conjunction with the signing of the contract, thus "giv[ing] rise to the appearance and belief that [Sultan] possesse[d] authority to enter into [the] transaction" (*Hallock*, 64 NY2d at 231). Defendant therefore "allowed [Sultan] to represent that he had the requisite authority[,] and it may not now be denied" (*Benderson Dev. Co.*, 64 AD2d at 456; *cf. 56 E. 87th Units Corp. v Kingsland Group, Inc.*, 30 AD3d 1134, 1134-1135).

Finally, we note that Limited Liability Company Law § 412 (a) provides that, "[u]nless the articles of organization of a limited liability company provide that management shall be vested in a manager or managers, every member is an agent of the limited liability company for the purpose of its business, and the act of every member, including the execution in the name of the limited liability company of any instrument, for apparently carrying on in the usual way the business of the limited liability company, binds the limited liability company, unless (i) the member so acting has in fact no authority to act for the limited liability company in the particular matter and (ii) the person with whom he or she is dealing has knowledge of the fact that the member has no such authority." A nearly identical subsection provides that, where management of an LLC is vested in a manager, the acts of the manager are binding upon the LLC unless the manager at issue has in fact no authority to act for the LLC, and the person with whom he or she is dealing knows that the manager lacks

such authority (§ 412 [b] [2] [A], [B]).  Thus, regardless whether Sultan was acting as a manager of defendant, as reflected by his signature on the contract, or as a member of defendant, as he and defendant's attorney previously had indicated to plaintiffs, he had apparent authority to act and his acts were binding upon defendant unless, inter alia, plaintiffs had "knowledge of the fact that [Sultan] ha[d] no such authority" (§ 412 [a] [i]; [b] [2] [B]).  Here, defendant failed to tender any evidence indicating that plaintiffs had knowledge of the recent limitation of Sultan's authority.  Consequently, defendant failed to raise a triable issue of fact whether Sultan lacked authority to enter into the contract and thereby bind defendant to perform it (*see Zuckerman*, 49 NY2d at 562).

Entered:  August 8, 2014                          Frances E. Cafarell
                                                  Clerk of the Court