# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**110**
**CA 14-01110**
PRESENT: SCUDDER, P.J., CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF TOWN BOARD OF TOWN OF
BRIGHTON, ON BEHALF OF TOWN OF BRIGHTON,
AND WEST BRIGHTON FIRE PROTECTION DISTRICT,
PETITIONERS-PLAINTIFFS-RESPONDENTS,

                    V                                    MEMORANDUM AND ORDER

WEST BRIGHTON FIRE DEPARTMENT, INC.,
RESPONDENT-DEFENDANT-APPELLANT.

---

PINSKY LAW GROUP, PLLC, SYRACUSE (BRADLEY M. PINSKY OF COUNSEL), FOR
RESPONDENT-DEFENDANT-APPELLANT.

HANNIGAN LAW FIRM PLLC, ALBANY (TERENCE S. HANNIGAN OF COUNSEL), FOR
PETITIONERS-PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------

     Appeal from an order of the Supreme Court, Monroe County (John J.
Ark, J.), entered February 6, 2014 in a CPLR article 78 proceeding and
a declaratory judgment action.  The order, among other things,
directed respondent-defendant to take all action necessary to transfer
certain assets pursuant to the subject contract.

     It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by amending the caption to substitute
the Town of Brighton for the Town Board of Town of Brighton, on behalf
of the Town of Brighton, and as modified the order is affirmed without
costs.

     Memorandum:  Petitioners-plaintiffs, the Town Board of the Town
of Brighton (Town Board), on behalf of the Town of Brighton (Town),
and the West Brighton Fire Protection District (FPD) commenced this
hybrid CPLR article 78 proceeding and declaratory judgment action
seeking, inter alia, judgment declaring that respondent-defendant,
West Brighton Fire Department, Inc. (WBFD), must comply with the terms
of the contract entered into by the Town Board and the WBFD in July
2011 (2011 contract).  The Town Board is the governing body of the
FPD, which has for many years contracted annually with the WBFD to
provide fire protection in the FPD.  The WBFD is a volunteer fire
department that is comprised of approximately 24 volunteers and
supported by two paid "career" firefighters employed by the FPD and
paid by the Town.  Concerns with respect to the WBFD's ability to
provide reliable and effective service in the FPD led the Town to
contract with the City of Rochester (City) for the City of Rochester
Fire Department (RFD) to provide services in the FPD beginning in

2002.

On July 25, 2012, the Town Board, by resolution, terminated the 2011 contract with the WBFD upon determining that the RFD would provide fire protection in the WBFD service area.  Moreover, on July 29, 2012, the Town notified the WBFD's current president that the 2011 contract was terminated and demanded that the WBFD "promptly take all necessary action to transfer all of its personal and financial property to the Town . . . , and transfer all of its real property to the Town['s] . . . Local Development Corporation."  On the same date, the Town Board, on behalf of the Town, and the FPD commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, a judgment directing the WBFD to "comply forthwith with the provisions of [the 2011 contract], including, but not limited to all of the provisions . . . relating to the transfer of real and personal property and other assets to the [p]etitioner[s]."

We note at the outset that the Town Board lacks capacity to bring this proceeding/action.  As "artificial creatures of statute," governmental entities such as the Town Board "have neither an inherent nor a common-law right to sue.  Rather, their right to sue, if it exists at all, must be derived from the relevant enabling legislation or some other concrete statutory predicate" (*Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 155-156; *see Matter of Graziano v County of Albany*, 3 NY3d 475, 478-479).  Here, Town Law § 65 (1) provides in relevant part that "[a]ny action or special proceeding for or against a town, or for its benefit, . . . shall be in the name of the town," and that "[t]he town board of any town may authorize and direct any town officer or officers to institute, defend or appear, in any action or legal proceeding, in the name of the town, as in its judgment may be necessary, for the benefit or protection of the town" (*see Matter of Commco, Inc. v Amelkin*, 62 NY2d 260, 264-265).  Under the circumstances of this case, we exercise our power pursuant to CPLR 2001 to correct that irregularity and to amend the caption by substituting the Town for the Town Board, "on behalf of" the Town (*see Boyd v Town of N. Elba*, 28 AD3d 929, 930 n, *lv dismissed* 7 NY3d 783; *see also Schwartzberg v State of New York*, 121 Misc 2d 1095, 1098-1099, *affd* 98 AD2d 902).  We therefore modify the order accordingly.

As an additional preliminary matter, we note that, although a CPLR article 78 proceeding may be brought against public or private corporations that "take on a quasi-governmental status" (Siegel, NY Prac § 558 at 989 [5th ed]; *see Matter of Gray v Canisius Coll. of Buffalo*, 76 AD2d 30, 33), such "a . . . proceeding is 'not the proper vehicle to resolve contractual rights' " (*Matter of Carlile v Waite*, 265 AD2d 889, 889; *see Kerlikowske v City of Buffalo*, 305 AD2d 997, 997).  Moreover, a declaratory judgment action is also not a proper vehicle to resolve the contractual rights herein because " 'a full and adequate remedy is already provided by another well-known form of action' " (*Automated Ticket Sys. v Quinn*, 90 AD2d 738, 739, *affd* 58 NY2d 949; *see Main Evaluations v State of New York*, 296 AD2d 852, 853, *appeal dismissed and lv denied* 98 NY2d 762).  Pursuant to CPLR 103

(c), however, "[i]f a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution."  We thus exercise our discretion under CPLR 103 (c) and convert this hybrid CPLR article 78 proceeding/declaratory judgment action to an action for specific performance (see Matter of Felmont Natural Gas Stor. Co. v Hudacs, 175 AD2d 565, 566-567; Matter of Oshinsky v Nicholson, 55 AD2d 619, 619).

We conclude on the merits that, contrary to the WBFD's contention, Supreme Court properly granted the Town's motion for summary judgment and directed the WBFD to transfer certain assets and funds pursuant to the 2011 contract, inasmuch as the Town established as a matter of law that it is entitled to specific performance. " 'Specific performance is a discretionary remedy which is an alternative to the award of damages as a means of enforcing the contract' . . . The right to specific performance is not automatic . . . The equitable remedy of specific performance is available in the court's discretion when the remedy at law is inadequate . . . Finally, . . . the party seeking equity must do equity, i.e., he must come into court with clean hands" (Pecorella v Greater Buffalo Press, 107 AD2d 1064, 1065).  Here, the Town met its burden of proving that it "substantially performed [its] contractual obligations . . . within the time specified in the [2011 Contract, and] that [it] is ready, willing and able to perform those contractual obligations not yet performed and not waived by the [WBFD]" (Hadcock Motors v Metzger, 92 AD2d 1, 4-5), and the WBFD failed to raise a triable issue of fact in opposition thereto (see Pasquarella v 1525 William St., LLC, 120 AD3d 982, 983; see generally Zuckerman v City of New York, 49 NY2d 557, 562).

WBFD contends that this action involves the disposition of all or substantially all of the assets of a not-for-profit corporation and, as a result, the Attorney General is a necessary party pursuant to N-PCL 510 and 511.  We reject that contention inasmuch as this case does not involve a disposition of all or substantially all of the WBFD's assets, and the contract itself does not require the actual transfer of the WBFD's assets (see N-PCL 510 [a] [3]; N-PCL 511 [b]; see also New York Nonprofit Law and Practice § 9.02 [2] [b] [Matthew Bender 2012], citing Explanatory Memo of J Legis Comm to Study Revision of Corporation Laws accompanying S. 7380B and A. 8439B [Apr. 20, 1972]). Contrary to the WBFD's further contention, the Town's motion was not premature on the ground that further discovery was necessary.  In opposing a summary judgment motion as premature pursuant to CPLR 3212 (f), " 'the opposing party must make an evidentiary showing supporting [the conclusion that facts essential to justify opposition may exist but cannot then be stated, and] mere speculation or conjecture [is] insufficient' " (Preferred Capital v PBK, Inc., 309 AD2d 1168, 1169). "The opposing party must show that the discovery sought would produce evidence sufficient to defeat the motion . . . , and that facts essential to oppose the motion were in [the movant's] exclusive knowledge and possession and could be obtained by discovery" (Resetarits Constr. Corp. v Elizabeth Pierce Olmsted, M.D. Ctr. for

*the Visually Impaired* [appeal No. 2], 118 AD3d 1454, 1456 [internal quotation marks omitted]).  On this record we conclude that the WBFD

failed to make the requisite showing (*see generally id.*).

Entered: March 27, 2015                                    Frances E. Cafarell
                                                           Clerk of the Court