■ JAB Construction 1 Corp. et al., Respondents, v North Broadway Estates, Ltd., Defendant/Third-Party Plaintiff-Appellant, et al., Defendants. Salvatore Buffardi, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [42 NYS3d 331]—

In an action, inter alia, to recover damages for breach of contract, the defendant/third-party plaintiff, North Broadway Estates, Ltd., appeals from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), dated August 5, 2014, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff JAB Construction 1 Corp.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Hanz Jarosz and Kevin Drace, and the third-party defendant Salvatore Buffardi, each owned equal shares of the plaintiff JAB Construction 1 Corp. (hereinafter JAB 1). Jarosz and Drace were also the sole owners of the defendant Precision Contracting Services, LLC (hereinafter Precision). JAB 1, Precision, and the third-party defendant J.A.B. Construction Corp. (hereinafter J.A.B.) entered into a contract with the defendant North Broadway Estates, Ltd. (hereinafter North Broadway) to perform certain construction work at premises owned by North Broadway. The contract referred to J.A.B., JAB 1, and Precision, collectively, as "the Contractor," and stated that "the Contractor" was to be paid the sum of $360,000 for the work. The contract also required North Broadway to pay JAB 1 directly for certain additional work as well as the sum of $90,000 of the contract price.

As relevant here, the plaintiffs commenced this action against, among others, North Broadway, to recover damages for breach of contract, quantum meruit, and unjust enrichment. The complaint alleged that North Broadway failed to

make payments to JAB 1 as required under the contract and for additional work performed. North Broadway moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it by JAB 1, arguing, among other things, that it had paid all amounts due to that entity by paying, among other things, the sum of $200,000 to Precision at the request of Jarosz. The plaintiffs and Buffardi opposed the motion, and the Supreme Court denied the motion.

Contrary to North Broadway's contention, it failed to eliminate triable issues of fact as to whether Jarosz had the actual or apparent authority to direct that funds allegedly owed to JAB 1 be paid to Precision (*see generally Hallock v State of New York*, 64 NY2d 224, 231 [1984]; *TJI Realty v Harris*, 250 AD2d 596, 598 [1998]; *Investigative Group v Trump*, 196 AD2d 705, 707 [1993]; *cf. Pasquarella v 1525 William St., LLC*, 120 AD3d 982, 983-984 [2014]; *Goldston v Bandwidth Tech. Corp.*, 52 AD3d 360, 362-363 [2008]; *Odell v 704 Broadway Condominium*, 284 AD2d 52, 56-57 [2001]). Thus, North Broadway failed to establish, prima facie, that it satisfied its contractual obligations to JAB 1 by paying, among other things, the sum of $200,000 to Precision upon the authority of Jarosz to direct that payment. As to the causes of action sounding in quantum meruit and unjust enrichment, North Broadway argues only that those causes of action were subject to dismissal in light of the $200,000 payment made to Precision at the request of Jarosz. Since there are triable issues of fact as to Jarosz's authority to direct that payment, North Broadway also did not demonstrate its prima facie entitlement to judgment as a matter of law dismissing the causes of action sounding in quantum meruit and unjust enrichment. Since North Broadway failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it by JAB 1, regardless of the sufficiency of JAB 1's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

North Broadway's remaining contentions are without merit. Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.