S.J. Fuel Co., Inc. v Dorann Resources, Ltd. (2018 NY Slip Op 06955)





S.J. Fuel Co., Inc. v Dorann Resources, Ltd.


2018 NY Slip Op 06955


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-03185
 (Index No. 507933/16)

[*1]S.J. Fuel Co., Inc., respondent, 
v
Dorann Resources, Ltd., etc., et al., defendants, Petros Realty Corp., etc., appellant.


Rabinowitz, Galina & Rosen, Mineola, NY (Gayle A. Rosen of counsel), for appellant.
Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, on an account stated, for unjust enrichment and in quantum meruit, the defendant Petros Realty Corp. appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated February 8, 2017. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant Petros Realty Corp. which were for summary judgment dismissing the causes of action to recover damages for breach of contract and on an account stated insofar as asserted against it, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
In or around June 2014, the plaintiff allegedly sold and delivered diesel fuel to premises in Brooklyn (hereinafter the subject premises) owned by the defendant Petros Realty Corp. (hereinafter Petros Realty) and leased to the defendant Dorann Resources, Ltd. (hereinafter Dorann Resources).
In May 2016, the plaintiff commenced this action against Petros Realty, Dorann Resources, and 6th Street Iron & Metal to recover damages for breach of contract, unjust enrichment, in quantum meruit, and on an account stated, alleging, inter alia, that it was owed $78,727.12 for diesel fuel sold and delivered to the subject premises. After joinder of issue, Petros Realty moved for summary judgment dismissing the complaint insofar as asserted against it arguing, inter alia, that Dorann Resources was responsible for the payment for the fuel and any products or material sold to it by the plaintiff. The Supreme Court denied the motion. Petros Realty appeals.
Petros Realty established its prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages for breach of contract and on an account stated insofar as asserted against it by submitting, inter alia, the affidavit of its president Louis Petrosino, 5 invoices sent by the plaintiff to Dorann Resources at the subject premises evidencing the amounts owed on fuel deliveries made to the subject premises, and 11 checks from Dorann Resources payable to the plaintiff and dated from February 24, 2014, through June 23, 2014. Petros Realty demonstrated, inter alia, that there was no agreement between it and the plaintiff for the sale and delivery of diesel fuel, that it never purchased any fuel or other products from the plaintiff, and that [*2]it never received any invoices from the plaintiff (see Brandeis School, Inc. v Yakabowicz, 130 AD3d 850). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
However, Petros Realty failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for unjust enrichment insofar as asserted against it, as it failed to eliminate triable issues of fact regarding its receipt of benefits, i.e., the delivery of diesel fuel to the subject premises, at the plaintiff's expense (see Moezinia v Ashkenazi, 105 AD3d 920, 921-922). Furthermore, Petros Realty failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages in quantum meruit insofar as asserted against it, as triable issues of fact exist regarding whether the plaintiff delivered the diesel fuel to the subject premises with an expectation that it would receive compensation from Petros Realty (see Engineering & Tech. Resources, Inc. v Xcel Dev. Corp., 139 AD3d 661, 663).
Since Petros Realty failed to establish its prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages for unjust enrichment and in quantum meruit insofar as asserted against it, we need not consider the sufficiency of the plaintiff's opposition papers with respect to those two causes of action (see JAB Constr. 1 Corp. v North Broadway Estates, Ltd., 145 AD3d 673, 674).
Accordingly, while we agree with the Supreme Court's denial of those branches of the motion of Petros Realty which were for summary judgment dismissing the causes of action to recover damages for unjust enrichment and in quantum meruit insofar as asserted against it, the court should have granted those branches of the motion which were for summary judgment dismissing the causes of action to recover damages for breach of contract and on an account stated insofar as asserted against it.
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court